JAMES C. NIELSEN (111889)
  jnielsen@nielsenhaley.com
DANIEL N. KATIBAH (293251)
  dkatibah@nielsenhaley.com
NIELSEN, HALEY & ABBOTT LLP
100 Smith Ranch Road, Suite 350
San Rafael, California 94903
Telephone:  (415) 693-0900
Facsimile:   (415) 693-9674

Attorneys for Plaintiff
PENN STAR INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| PENN-STAR INSURANCE COMPANY, a Pennsylvania corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>PARTIES FANTASTIC, LLC, a California Limited Liability Company; and VIRGINIA LOVELACE, an individual, | Case No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Penn-Star Insurance Company complains against defendants Parties Fantastic, LLC, and Virginia Lovelace as follows:

<u>FIRST CLAIM FOR DECLARATORY JUDGMENT</u>
(Against all defendants)

1. Penn-Star is a Pennsylvania corporation with its principal place of

business in Bala Cynwyd, Pennsylvania.

2. Upon information and belief, Parties Fantastic, LLC is a California Limited Liability Company with its principal place of business in Los Angeles County, California.

3. Upon information and belief, defendant Virginia Lovelace was at all times mentioned an individual citizen of California, residing in the County of Los Angeles.

4. Jurisdiction is proper in this Court under 28 U.S.C. §1332(a)(1) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000. As alleged below, this case addresses a dispute over defense and indemnity of a cross-complaint brought by Lovelace against Parties Fantastic in an underlying action proceeding in the Los Angeles Superior Court. Upon information and belief, Lovelace has served Parties Fantastic with an offer to compromise under Cal. Code Civ. Proc. § 998 in the amount of $1 million.

5. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(2), because a substantial amount of the events on which this action is based occurred in this division and district.

6. Penn-Star issued a policy of commercial general liability insurance, number CPV0018789, to "Sandra Walker and Eric Hassenfang dba Parties Fantastic" as Named Insured, effective for the policy period March 6, 2018, through March 6, 2019. The policy afforded a per-occurrence/personal and advertising injury liability limit of $1,000,000 and an aggregate limit of liability of $2,000,000.

7. This declaratory-judgment action arises from Lovelace's cross-complaint in an action styled *Parties Fantastic, LLC, et al. v. Church, et al.*, Los Angeles Superior Court no. 18STCV04719. Lovelace's cross-complaint alleges claims for negligence, premises liability, and strict liability against Parties Fantastic, and others, and seeks damages for bodily injuries Lovelace allegedly

sustained in an attack by a goat at 1398 Shirlmar Avenue, San Dimas, CA 91773. Lovelace's injuries occurred while Penn-Star's policy was in effect.

8. Parties Fantastic tendered Lovelace's cross-complaint to Penn-Star for defense and indemnity. Penn-Star declined the tender.

9. Penn-Star's policy sets forth, among other language, the following language:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

\* \* \*

**SECTION I—COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.     Insuring Agreement**.

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.\*\*\*

\* \* \*

b. This insurance applies to "bodily injury" and "property damage" only if:

(1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)     The "bodily injury" or "property damage" occurs during the policy period;

* * *

**SECTION V – DEFINITIONS**

* * *

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

**EXCLUSION—INJURIES CAUSED BY ANIMALS**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

This insurance will not provide coverage, meaning defense costs or indemnification for:

"Bodily injury", "property damage", "personal or advertising injury", medical payments or any other damages claimed because of liability, or alleged liability, resulting from, caused by, arising out of, or in any ways connected with:

The ownership, use, loading or unloading, handling or demonstrations of domestic or wild animals:

1. Whether or not caused by, at the instigation of, or with the direct or indirect involvement of the insured, the

       insured's employees or other persons on the insured's premises; or

  2. Whether or not caused by or arising out of the insured's failure to properly supervise or keep the insured premises and/or operations in a safe condition.

  10. An actual controversy has arisen and now exists between Penn-Star, on one hand, and Parties Fantastic, on the other hand, concerning their respective rights and obligations with respect to Lovelace's cross-complaint in the *Parties Fantastic* lawsuit. Penn-Star contends that it owes no duty to defend or to indemnify Parties Fantastic against the allegations in Lovelace's cross-complaint because the cross-complaint does not expose Parties Fantastic to liability for damages covered by the terms and conditions of Penn-Star's policy. Penn-Star is informed and believes that Parties Fantastic contends to the contrary of Penn-Star's contentions set forth above.

  11. Penn-Star is informed and believes that Lovelace likewise contends to the contrary of Penn-Star's contentions set forth in Paragraph 10 above, so that an actual controversy exists between Penn-Star and Lovelace.

  12. Penn-Star therefore requests that this Court enter a binding judicial declaration in accordance with Penn-Star's contentions set forth above. The requested declarations are both necessary and proper at this time under the circumstances in that the interests of judicial economy and substantial justice will be served thereby.

  WHEREFORE, Penn-Star prays for judgment as follows:
  a. That the Court make and enter its binding judicial declarations in accordance with Penn-Star contentions set forth above;

b.    That Penn-Star be awarded its costs of suit incurred herein; and

c.    For such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Penn-Star Insurance Company hereby demands trial by jury in accordance with Fed.R.Civ.P. 38.

July 2, 2019                        NIELSEN, HALEY & ABBOTT LLP

By:   *Daniel N. Katibah*

DANIEL N. KATIBAH
Attorneys for Plaintiff
Penn-Star Insurance Company